UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARCUS L. HUDSON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0429 AS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about July 18, 2005, *pro se* petitioner, Marcus L. Hudson, an inmate at the

Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief

under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney

General of Indiana on December 14, 2005, demonstrates the necessary compliance with

*Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  There was also a corrected return filed

December 7, 2005.  The petitioner filed a Traverse on December 14, 2005 and an

Amendment to his Traverse on December 28, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State

of Indiana.  At the time of the filing of this petition he was incarcerated in the WCF.  For the

immediate reference of all concerned, there is an unpublished memorandum decision

authored by Senior Judge Garrard and concurred in by Judges May and Baker entered

January 20, 2004, by the Court of Appeals of Indiana.  It is marked as Appendix "A",

attached hereto and incorporated herein.  The Supreme Court of Indiana denied transfer on

April 1, 2004. It is also to be noted that an order of the Court of Appeals of Indiana was

entered June 24, 2005 denying the petitioner leave to amend a successive petition for state

post-conviction relief.  It is also to be noted that an original action was advanced by Marcus

Hudson in the Supreme Court of Indiana, and that effort was dismissed on May 27, 2005.

This action was filed on or about July 18, 2005, and this petitioner is entitled to any

benefits under *Houston v. Lack,* 487 U.S. 266 (1988), to the extent that there are any.  With

regard to the actions by the courts of the State of Indiana and particularly the Court of

Appeals and Supreme Court of Indiana, this petitioner bears the burden of rebutting the

presumption of correctness by clear and convincing evidence under 28 U.S.C. §2254(e)(1).

He has not done so.  Of some moment here are the twin cases decided by the Supreme Court

of the United States unanimously on the same day.  *Woodford v. Visciotti*, 537 U.S. 19

(2002) and *Early v. Packer*, 537 U.S. 3 (2002).  Two follow-up cases, also unanimously

decided are of some moment.  *See Yarborugh v. Gentry*, 540 U.S. 1 (2003), and *Price v.*

*Vincent*, 538 U.S. 634  (2003), *reversing Vincent v. Jones*, 292 F.3d 506 (6th Cir. 2002).

More recently, the Supreme Court of the United States decided *Bell v. Cone*, 125 S.Ct. 847

(2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).  These cases and their

progenies provide substantial guidance here.  Generally, federal district courts are bound by

a state court's adjudication of a petitioner's claims unless the state court decision is contrary

to or involved an unreasonable application of clearly established application of a decision or

2

decisions of the Supreme Court of the United States.  *See also Williams v. Taylor*, 529 U.S.

362 (2000).

The collateral review that is envisioned by § 2254 focuses on violations of the

Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384

(7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S.

1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S.

62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally,

sufficiency of evidence is rationalized under *Jackson v. Virginia*, 443 U.S. 307 (1979), and

more recently *see Fiore v. White*, 531 U.S. 225 (2001).  For a recent application of *Jackson*,

*see Cabrera v. Hinsley*, 324 F.3d 527 (7th Cir. 2003).  The Court of Appeals of Indiana

opined that the testimony of a witness named _____ Kinney was sufficient in and of itself

to support this conviction.  This petitioner has failed to establish that this amounts to a

misapplication of federal law as enunciated by the Supreme Court of the United States.

Certainly the issue of effective assistance of trial and appellate counsel must generally be

examined under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

Particularly, see *Dillinger v. Bowen*, 301 F.3d 758 (7th Cir. 2002), requiring a fair

presentation of these issues.  It is correct that ineffective assistance of counsel was raised in

post-conviction proceedings, but there was a failure to perfect an appeal from the denial of

post-conviction relief that involved that issue.  As indicated above, this petitioner was denied

permission to file a successive petition for post-conviction relief in the state courts.  It needs

3

to be remembered that this proceeding is not akin to a common law appeal from a state criminal conviction.

This court has given attention to the filings made pro se by this petitioner on December 14, 2005 and December 28, 2005.  It is apparent that this petitioner is making arguments here that were not in the first instance presented to either of the two highest courts in the State of Indiana or properly preserved for consideration here.  For all of these reasons, the petition is most respectfully **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  January 4, 2006

             **S/ ALLEN SHARP**
             **ALLEN SHARP, JUDGE**
             **UNITED STATES DISTRICT COURT**